MANTEUFEL, Respondent, vs. JENKINS and others, Appellants.

*October 19—November 16, 1920.*

*Workmen's compensation: Notice of injury: Payment of funeral
expenses as payment of compensation.*

An employer, by paying the funeral expenses of a deceased employee under sub. (4) (d), sec. 2394—9, Stats. 1915, to an administrator on the supposition that the deceased employee left no dependents, is not estopped from pleading a want of the notice required by sec. 2394—11, barring a right to compensation if no notice is given and no "payment of compensation" made within two years from the date of the accident. The payment of funeral expenses is not a payment on account of compensation.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Workmen's compensation. One William Muellner, brother-in-law of the plaintiff, while in the employ of the defendant *W. T. Jenkins,* on the 16th day of March, 1916, met with an accidental injury, resulting in his death the same day. He was engaged in performing service growing out of and incidental to his employment, and both his employer and the employee were subject to the Wisconsin compensation act. Acting upon the supposition that there were no surviving dependents, the employer, on the 5th day of April, 1916, issued a check for $100, payable to the estate of William Muellner, on account of funeral expenses. The check was cashed on the 25th day of September, 1916. On the 10th day of March, 1919, the plaintiff filed an application for compensation against the defendant *W. T. Jenkins,* setting forth the injuries sustained by William Muellner, the fact of his employment, and claiming the right to compensation. Upon the hearing it appeared that William Muellner was seventy-two years of age; that the applicant was his sister-in-law, being the sister of his deceased wife;

that at the time of the injury the applicant was living in the same household. with him and had been so living for many years, both before and subsequent to the death of his wife, which occurred several years prior to the death of William Muellner; that no compensation was paid to the deceased by the employer subsequent to his injury; that the applicant herein was paid nothing by the employer for death benefit; that no written notice, in accordance with the provisions of sec. 2394—11, Stats., was served on the employer, or on the insurance carrier, by William Muellner, or by any one on his behalf, or by his dependent, or by any one in behalf of the dependent, and the *Industrial Commission* held that the claim of the applicant was wholly barred by reason of such failure to give notice, and an order was entered accordingly. The applicant before the *Industrial Commission,* the plaintiff here, brought an action in the circuit court for Dane county to review the order of the *Commission.* The circuit court for Dane county held that the payment of funeral expenses constituted a payment of compensation and therefore a waiver of that provision of the statutes requiring notice, entered judgment vacating the order of the *Commission,* and remanding the record to the *Industrial Commission* for further proceedings upon the merits. From such judgment the defendants appealed.

For the appellants *Jenkins* and *Ætna Life Insurance Company* there was a brief signed by *Quarles, Spence & Quarles,* attorneys, and oral argument by *Arthur B. Doe,* of counsel, all of Milwaukee.

For the appellant *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the respondent there was a brief by *Fawcett & Dutcher,* attorneys, and *L. W. Slensby,* of counsel, all of Milwaukee, and oral argument by *Mr. Slensby.*

ROSENBERRY, J.   The question presented by this record is, Did the payment by the employer of funeral expenses of $100 within thirty days of the happening of the accident constitute payment of compensation under secs. 2394—3 to 2394—31, inclusive, Stats. 1915, being the workmen's compensation act?   Sub. (4)(d), sec. 2394—9, Stats. 1915, provides:

"If the deceased employee leaves no person dependent upon him for support, and the accident proximately causes death, the death benefit shall consist of the reasonable expense of his burial, not exceeding one hundred dollars."

By sec. 2394—11, Stats. 1915, it is provided:

"No claim to recover compensation . . . shall be maintained unless, within thirty days after the occurrence of the accident, . . . notice in writing, . . . signed by the person injured or by some one on his behalf, or in case of his death, by a dependent or some one on his behalf, shall be served," etc.   "If no such notice is given and no payment of compensation made, within two years from the date of the accident, the right to compensation therefor shall be wholly barred."

It is to be noted that under sub. (4) (d) of sec. 2394—9 the funeral expenses are to be paid by the employer if the deceased employee leaves no person dependent upon him for support.   If the deceased employee leaves such a dependent, then the employer is not liable under this clause of the statute.   In other words, a payment of the funeral expenses is not a payment of any sum to which a dependent of a deceased employee is entitled.   To hold that the payment of $100, under such circumstances, on account of funeral expenses, is a payment on account of compensation to which it could not, under any circumstances, be applied, seems to us to be inconsistent.   No doubt the idea which the legislature had in mind was that where an employer, by payment of a part of his liability, had recognized the existence of such liability, he was thereafter to be estopped from pleading want of statutory notice.   Here the payment was

certainly not made in recognition of any liability existing to dependents, but only because it appeared that there were no dependents; and while provision for the payment of funeral expenses is included within that section which provides for compensation, looking at the substance rather than the form of things, we think it was the legislative intent that a payment which recognizes a liability, not a payment which is made to extinguish a liability, was the compensation referred to under the terms of sec. 2394—11. It is true that the payment recognized the fact that the deceased was an employee, that the employer and employee were subject to the act, and that accidental injuries were to be compensated in accordance with its terms, but it did not recognize liability for compensation to any dependent in any amount. The payment of funeral expenses, under this clause, to an administrator, is not the payment of compensation due to a dependent and does not, therefore, estop the employer from claiming the benefit of the statute requiring a notice to be given by the dependent. The trial court was therefore in error in vacating the order of the *Commission.*

*By the Court.*—The judgment appealed from is reversed with costs, with directions to enter a judgment affirming the order of the *Commission* holding that the claim of the plaintiff is barred.